

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ONEBEACON INSURANCE COMPANY<br>AS ASSIGNEE OF POTOMAC<br>INSURANCE COMPANY OF ILLINOIS<br><br>      Plaintiff<br>v.<br><br>DON'S BUILDING SUPPLY, INC.<br><br>      Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO. _____<br><br>3-05CV0731-B |

### PLAINTIFF ONEBEACON INSURANCE COMPANY'S
### COMPLAINT FOR DECLARATORY RELIEF

Plaintiff OneBeacon Insurance Company as assignee of Potomac Insurance Company of Illinois ("OneBeacon") files this Complaint for Declaratory Relief and petitions this Court, pursuant to § 2201 of the U.S. Judicial Code (28 U.S.C.A. § 2201), for a declaration of its rights and responsibilities under five policies of insurance insuring Don's Building Supply, Inc. ("Don's Building Supply"). OneBeacon would show the following:

### I.
### NATURE OF THE SUIT

1.   This is a declaratory judgment action, based on diversity jurisdiction, whereby OneBeacon seeks a declaration of legal rights concerning five liability insurance policies issued to Don's Building Supply, Inc. (the "Insured"), with respect to property damage claims related to inherent defects and improper installation of Exterior Insulation and Finish System ("EIFS") home siding in 25 underlying lawsuits filed by 47 homeowners (the "Claimants") against the Insured as listed in this complaint (hereafter referred to as the "Underlying Litigation"). OneBeacon seeks a declaration that it has no duty to defend or indemnify Don's Building Supply from the Underlying Litigation.


## II.
## PARTIES AND BACKGROUND

2. OneBeacon is a Pennsylvania corporation that maintains its principal place of business in Boston, Massachusetts. For purposes of diversity jurisdiction, OneBeacon is a citizen of the states of Pennsylvania and Massachusetts; it is not a citizen of the State of Texas. Complete diversity of citizenship exists among the parties to this action.

3. Defendant Don's Building Supply, Inc. (hereinafter Don's Building Supply") is a Texas Corporation with its principal place of business in Dallas, Texas. For the purposes of diversity, Defendant is not a citizen of Pennsylvania or Massachusetts. Complete diversity of citizenship exists among the parties to this action. Service of process on Don's Building Supply may be accomplished on its registered agent for service Charles A. Meador, 2327 Langford, Dallas, Texas 75222.

4. OneBeacon seeks this Court's determination concerning the parties' respective rights and obligations under five commercial general liability insurance policies with respect to the Underlying Litigation.

5. Don's Building Supply has provided notice of the Underlying Litigation to OneBeacon and requested insurance coverage in connection therewith. Although OneBeacon initially provided a defense to Don's Building Supply, OneBeacon now denies any further obligations to Don's Building Supply in connection with the Underlying Litigation. An actual, justiciable controversy exists between OneBeacon and Don's Building Supply for which declaratory relief is necessary and appropriate.

## III.
## JURISDICTION AND VENUE

6.  Jurisdiction is based on diversity of citizenship. The amount in controversy exceeds the sum of $75,000, the court's minimum jurisdictional limit exclusive of interest and costs. A dispute has arisen between the parties regarding insurance coverage afforded to Defendant by OneBeacon's policies of insurance concerning the above-mentioned lawsuits, which represents a justiciable controversy among the parties.

7.  Venue is proper in the Northern District (Dallas Division) because the policies in question were negotiated in Dallas, Texas and Don's Building Supply the entity at issue in the underlying lawsuit maintains a place of business in Dallas, Texas. Moreover, at least one of the underlying lawsuits at issue in this lawsuit was filed in this district.

## IV.
## UNDISPUTED FACTS

8.  Potomac Insurance Company of Illinois issued five insurance policies providing commercial general liability coverage to Don's Building Supply, Inc. Commercial Package Policy No. TPP1095861 provides commercial general liability coverage for policy period December 1, 1991 to December 1, 1992, Commercial General Liability Policy No. CGL 5002512-00 provides coverage for policy period December 1, 1992 to December 1, 1993, Commercial General Liability Policy No. CGL 5002512-01 provides coverage for the policy period December 1, 1993 to December 1, 1994, Commercial General Liability Policy No. CGL 5002512-02 provides coverage for the policy period December 1, 1994 to December 1, 1995, and Commercial General Liability Policy No. CGL 5002512-03 provides coverage for the policy period December 1, 1995 to December 1, 1996 (hereinafter referred to as the "Policies").

9. Effective April 1, 2004, Potomac Insurance Company of Illinois transferred all of its liabilities to OneBeacon.

10. All five Policies assumed by OneBeacon provide "occurrence" based coverage, with the proviso that the bodily injury or property damage must occur during the policy period (Section I – Coverages, Coverage A, 1. Insuring Agreement, (b)(2)). OneBeacon has no insuring obligation to Don's Building Supply with respect to any period after December 1, 1996.

11. As described above, Don's Building Supply is now seeking defense and indemnity benefits from OneBeacon arising out of twenty five lawsuits initiated against it. The following listing of lawsuits represents the Underlying Litigation submitted to OneBeacon for coverage:

    a) *Mary Heller Halcomb and H.R. Halcomb v. TEC Specialty Products, Inc. Div. of H.B. Fuller Co. n/k/a Specialty Construction Brands, Inc., et al*, Cause No. DV03-08652-E in the 101st Judicial District Court of Dallas County, Texas.

    b) *Ronald Ferris and Janis Ferris v. H.B. Fuller Co., et al.*, Cause No. 416-02216-03 in the 416th Judicial District of Collin County, Texas.

    c) *Forest Murphey and Judith Murphey v. H.R. Fuller Co.., et al.*, Cause No. 219-0853-04 in the 219th Judicial District of Collin County, Texas.

    d) *Robert Daniel Sifferman and Carolyn Sifferman v. H.B. Fuller, Company, et al.*, Cause No. 067-205227-04 in the 67th Judicial District of Tarrant County, Texas.

    e) *Dennis R. Walthers v. H.B. Fuller, Company, et. al.*, Cause No. 2004-10111-16 in the 16th District Court of Denton County, Texas.

    f) *James H. Bassarear and Karen M. Bassarear v. H.B. Fuller, Company, et al.*, Cause No. 04-03256 in the 298th Judicial District Court of Dallas County, Texas.

    g) *Roderick Neil McPherson and Susan Elizabeth McPherson v. K2, Inc. a/k/a Finestone, et al.*, Cause No. 219-1459-04 in the 219th Judicial District Court of Collin County, Texas.

h) *Amos David McKay v. H.B. Fuller, Company, et al.*, Cause No. 236-205831-04 in the 236th Judicial District Court of Denton County, Texas.

i) *Jeffrey D. Almond and Jennifer C. Almond v. H.B. Fuller, Company, et al.*, Cause No. 2004-30186-211 in the 211th Judicial District of Denton County, Texas.

j) *Billy D. and J. Marie Williams v. H.B. Fuller, Company, et al.*, Cause No. 2004-50186-367 in the 367th Judicial Court of Denton County, Texas.

k) *Thomas A. Stockton and Sandra Stockton v. H.B. Fuller, Company, et al.*, Cause No. 2004-10207-16 in the 16th Judicial Court of Denton County, Texas.

l) *Bernard Horowitz and Barbara Horowitz v. H.B. Fuller, Company, et al.*, Cause No. 2004-2012-158 in the 158th Judicial Court of Denton County, Texas.

m) *Robert T. and Cynthia Russell v. H.B. Fuller, Company, et al.*, Cause No. 048-206356-04 in the 48th Judicial Court of Tarrant County, Texas.

n) *James M. Clay and Elizabeth Clay v. H.B. Fuller Co., et al.*, Cause No. 219-1626-04 in the 219th Judicial District of Collin County, Texas.

o) *Stephen Jackson and Lori K. Jackson v. H.B. Fuller Co., et al.*, Cause No. 2004-60211-393 in the 393rd Judicial District of Denton County, Texas.

p) *Miller C. Ballem and Heather L. Ballem v. H.B. Fuller Co., et al.*, Cause No. 04-11030-E in the 101st Judicial District of Dallas County, Texas.

q) *Paul O. Williams v. H.B. Fuller Co., et al.*, Cause No. 199-2944-04 in the 199th Judicial District of Collin County, Texas.

r) *Geoffrey W. Miller and Karen Miller v. H.B. Fuller Co., et al.*, Cause No. 401-2906-04 in the 401st Judicial District of Collin County, Texas.

s) *William H. Beazley, III and Elizabeth Beazley v. H.B. Fuller Co., et al.*, Cause No. 352-208998-04 in the 352nd Judicial District of Tarrant County, Texas.

t) *254 Dublin Ltd., Richard C. Peters, III and Anne B. Peters v. H.B. Fuller Co., et al.*, Cause No. 199-3495-04 in the 199th Judicial District of Collin County, Texas.

u) *William E. Kantz and Jo I. Kantz, v. H.B. Fuller Co., et al.*, Cause No. 04-07145-F in the 116th Judicial District of Dallas County, Texas.

v) *Jerry Knox & Kathy Knox v. H.B. Fuller Co., et al.*, Cause No. 2004-40230-362 in the 362nd Judicial District of Denton County, Texas.

w) *Steve R. Watson and Kathy A. Watson v. H.B. Fuller Company, et al.*, Cause No. 2004-20168-158 in the 158th Judicial District Court of Denton County, Texas.

x) *Michael W. Collins and Shannon M. Collins v. H.B. Fuller Company, et al.*, Cause No. 348-208375-04 in the 348th Judicial District Court of Tarrant County, Texas.

y) *Edward A. Cox and Suzanne M. Cox v. H.B. Fuller Company, et al.*, Cause No. 2004-30230-211 in the 211th Judicial District Court of Denton County, Texas.

12. The petitions in the Underlying Litigation were all filed by the law firm Brent L. Crumpton, P.C., 5000 Legacy Drive, Suite 300, Plano, Texas 75024 and are nearly identical.

13. The Underlying Litigation complains of extensive damage to the plaintiffs' homes and the need to substantially retrofit or replace the defectively designed and inherently deficient EIFS product. Any such damages sustained by Claimants occurred and/or became manifest after the OneBeacon Policies ended.

14. The OneBeacon Policies do not cover the damages sustained by the Claimants in the Underlying Litigation. First, any alleged property damage occurred and/or manifested itself after the Policies ended. Also, there has not been an "occurrence" as defined in the Policies. Also, the Claimants' damages for replacement of the EIFS do not constitute "property damage" as that term is defined in the Policies. The Policies exclude replacement or repair of any products or work by the insured, Don's Building Supply, Inc., and the Policies exclude coverage for property damage that is "impaired property" (Exclusion M to the Policies).

15.     More specifically, the alleged property damage in the Underlying Litigation were plead by Claimants as "latent" property damage and therefore not discovered during OneBeacon's Policy Periods since the two year statute of limitation would otherwise bar the claims in the Underlying Litigation. Paragraphs 15 – 39 accordingly state the earliest possible date for manifestation of the alleged property damage according to the filing date of the original petition and the discovery rule's two year statute of limitation.

16.     In *Mary Heller Halcomb and H.R. Halcomb v. TEC Specialty Products, Inc. Div. of H.B. Fuller Co. n/k/a Specialty Construction Brands, Inc., et al*, Cause No. DV03-08652-E in the 101st Judicial District Court of Dallas County, Texas, Mary Heller and H.R. Halcomb allege their damages were not discovered and could not have been discovered prior to August 13, 2001.

17.     In *Ronald Ferris and Janis Ferris v. H.B. Fuller Co., et al.*, Cause No. 416-02216-03 in the 416th Judicial District of Collin County, Texas, Ronald and Janice Ferris allege their damages were not discovered and could not have been discovered prior to November 3, 2001.

18.     In *Forest Murphey and Judith Murphey v. H.R. Fuller Co. ., et al.*, Cause No. 219-0853-04 in the 219th Judicial District of Collin County, Texas, Forest and Judith Murphy allege their damages were not discovered and could not have been discovered prior to March 21, 2002.

19.     In *Robert Daniel Sifferman and Carolyn Sifferman v. H.B. Fuller, Company, et al.*, Cause No. 067-205227-04 in the 67th Judicial District of Tarrant County, Texas, Robert Daniel and Carolyn Sifferman allege their damages were not discovered and could not have been discovered prior to April 19, 2002.

20. In *Dennis R. Walthers v. H.B. Fuller, Company, et. al.*, Cause No. 2004-10111-16 in the 16th District Court of Denton County, Texas., Dennis R. Walthers alleges his damages were not discovered and could not have been discovered prior to April 19, 2002.

21. In *James H. Bassarear and Karen M. Bassarear v. H.B. Fuller, Company, et al.*, Cause No. 04-03256 in the 298th Judicial District Court of Dallas County, Texas, James H. and Karen M. Bassarear allege their damages were not discovered and could not have been discovered prior to April 19, 2002.

22. In *Roderick Neil McPherson and Susan Elizabeth McPherson v. K2, Inc. a/k/a Finestone, et al.*, Cause No. 219-1459-04 in the 219th Judicial District Court of Collin County, Texas, Roderick Neil and Susan Elizabeth McPherson allege their damages were not discovered and could not have been discovered prior to June 8, 2002.

23. In *Amos David McKay v. H.B. Fuller, Company, et al.*, Cause No. 236-205831-04 in the 236th Judicial District Court of Denton County, Texas, Amos David McKay alleges his damages were not discovered and could not have been discovered prior to May 27, 2002.

24. In *Jeffrey D. Almond and Jennifer C. Almond v. H.B. Fuller, Company, et al.*, Cause No. 2004-30186-211 in the 211th Judicial District of Denton County, Texas, Jeffrey D. and Jennifer C. Almond allege their damages were not discovered and could not have been discovered prior to June 29, 2002.

25. In *Billy D. and J. Marie Williams v. H.B. Fuller, Company, et al.*, Cause No. 2004-50186-367 in the 367th Judicial Court of Denton County, Texas, Billy D. and J. Marie Williams allege their damages were not discovered and could not have been discovered prior to June 30, 2002.

26. In *Thomas A. Stockton and Sandra Stockton v. H.B. Fuller, Company, et al.*, Cause No. 2004-10207-16 in the 16th Judicial Court of Denton County, Texas, Thomas A. and Sandra Stockton allege their damages were not discovered and could not have been discovered prior to July 20, 2002.

27. In *Bernard Horowitz and Barbara Horowitz v. H.B. Fuller, Company, et al.*, Cause No. 2004-2012-158 in the 158th Judicial Court of Denton County, Texas, Bernard and Barbara Horowitz allege their damages were not discovered and could not have been discovered prior to July 23, 2002.

28. In *Robert T. and Cynthia Russell v. H.B. Fuller, Company, et al.*, Cause No. 048-206356-04 in the 48th Judicial Court of Tarrant County, Texas, Robert T. and Cynthia Russell allege their damages were not discovered and could not have been discovered prior to June 30, 2002.

29. In *James M. Clay and Elizabeth Clay v. H.B. Fuller Co., et al.*, Cause No. 219-1626-04 in the 219th Judicial District of Collin County, Texas, James M. and Elizabeth Clay allege their damages were not discovered and could not have been discovered prior to June 30, 2002.

30. In *Stephen Jackson and Lori K. Jackson v. H.B. Fuller Co., et al.*, Cause No. 2004-60211-393 in the 393rd Judicial District of Denton County, Texas, Stephen and Lori K. Jackson allege their damages were not discovered and could not have been discovered prior to July 23, 2002.

31. In *Miller C. Ballem and Heather L. Ballem v. H.B. Fuller Co., et al.*, Cause No. 04-11030-E in the 101st Judicial District of Dallas County, Texas, Miller C. and Heather L.

Ballem allege their damages were not discovered and could not have been discovered prior to October 28, 2002.

32. In *Paul O. Williams v. H.B. Fuller Co., et al.*, Cause No. 199-2944-04 in the 199th Judicial District of Collin County, Texas, Paul O. Williams alleges his damages were not discovered and could not have been discovered prior to November 1, 2002.

33. In *Geoffrey W. Miller and Karen Miller v. H.B. Fuller Co., et al.*, Cause No. 401-2906-04 in the 401st Judicial District of Collin County, Texas, Geoffrey W. and Karen Miller allege their damages were not discovered and could not have been discovered prior to October 23, 2002.

34. In *William H. Beazley, III and Elizabeth Beazley v. H.B. Fuller Co., et al.*, Cause No. 352-208998-04 in the 352nd Judicial District of Tarrant County, Texas, William H. Beazley, III and Elizabeth Beazley allege their damages were not discovered and could not have been discovered prior to December 10, 2002.

35. In *William E. Kantz and Jo I. Kantz, v. H.B. Fuller Co., et al.*, Cause No. 04-07145-F in the 116th Judicial District of Dallas County, Texas, William E. and Jo I. Kantz allege their damages were not discovered and could not have been discovered prior to July 26, 2002.

36. In *Jerry Knox & Kathy Knox v. H.B. Fuller Co., et al.*, Cause No. 2004-40230-362 in the 362nd Judicial District of Denton County, Texas, Jerry and Kathy Knox allege their damages were not discovered and could not have been discovered prior to August 9, 2002.

37. In *254 Dublin Ltd., Richard C. Peters, III and Anne B. Peters v. H.B. Fuller Co., et al.*, Cause No. 199-3495-04 in the 199th Judicial District of Collin County, Texas, Richard C. Peters, III and Anne B. Peters allege their damages were not discovered and could not have been discovered prior to December 20, 2002.

38. In *Steve R. Watson and Kathy A. Watson v. H.B. Fuller Company, et al.*, Cause No. 2004-20168-158 in the 158th Judicial District Court of Denton County, Texas, Steve and Kathy Watson allege their damages were not discovered and could not have been discovered prior to June 10, 2002.

39. In *Michael W. Collins and Shannon M. Collins v. H.B. Fuller Company, et al.*, Cause No. 348-208375-04 in the 348th Judicial District Court of Tarrant County, Texas, Michael and Shannon Collins allege their damages were not discovered and could not have been discovered prior to October 28, 2002.

40. In *Edward A. Cox and Suzanne M. Cox v. H.B. Fuller Company, et al.*, Cause No. 2004-30230-211 in the 211th Judicial District Court of Denton County, Texas, Edward and Suzanne Cox allege their damages were not discovered and could not have been discovered prior to August 9, 2002.

41. Don's Building Supply has demanded that OneBeacon defend Don's Building Supply from these liability claims and otherwise indemnify Don's Building Supply from any liabilities that may result from the Underlying Litigation. Although OneBeacon initially provided a defense to Don's Building Supply, OneBeacon has recently denied any further liability for the Insured's defense in the Underlying Litigation.

42. The damages sought by each Claimant exceeds $75,000, exclusive of interest and costs. (Paragraph 6, above, is hereby incorporated by reference).

V.
## CAUSE OF ACTION FOR DECLARATORY JUDGMENT

43. OneBeacon has no duty to defend or indemnify Don's Building Supply in connection with the Underlying Litigation pursuant to the Policies' terms, conditions, provisions, exclusions and limitations.

44.     Pursuant to 28 U.S.C. § 2201, OneBeacon requests the Court declare its coverage obligations under the Policies at issue in relation to the Underlying Litigation. OneBeacon seeks a declaration that it has no duty to defend or indemnity Don's Building Supply in connection with the Underlying Litigation.

## VI.
## PRAYER

45.     WHEREFORE, OneBeacon requests the Court:

(1)    Declare OneBeacon has no duty to defend or indemnify Don's Building Supply in connection with the Underlying Litigation; and

(2)    Grant OneBeacon all other relief to which it may show itself entitled.

Respectfully submitted,

M. Jarrett Coleman
State Bar No. 00796380
Michelle M. Castro
State Bar No. 24027003
COZEN O'CONNOR, P.C.
1717 Main Street, Suite 2300
Dallas, Texas 75201-7335
Telephone: (214) 462-3000
Facsimile: (214) 462-3299

**ATTORNEYS FOR PLAINTIFF
ONEBEACON INSURANCE
COMPANY**

DALLAS1\153842\2 156120.000

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THIS FORM.)

**I (a) PLAINTIFFS**
OneBeacon Insurance Company

**DEFENDANTS**
Don's Building Supply, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Boston, Mass
(EXCEPT IN U S PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Dallas
(IN U S PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
M. Jarrett Coleman
Cozen O'Connor, P C
1717 Main Street, Suite 2300
Dallas, Texas 75201-7335
Telephone (214) 462-3021

RECEIVED APR 14 2005 CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

ATTORNEYS (IF KNOWN)

3-05CV0731-B

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. GOVERNMENT Plaintiff
- ☐ 2 U.S. GOVERNMENT Defendant
- ☐ 3 FEDERAL QUESTION (U.S. Government Not a Party)
- ☒ 4 DIVERSITY (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Declaratory Judgment, Diversity of Citizenship

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>**PERSONAL INJURY**<br>☐ 362 Personal Injury— Med Malpractice<br>☐ 365 Personal Injury— Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R R & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt Relations<br>☐ 730 Labor/Mgmt Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl Ret Inc Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U S Plaintiff or Defendant)<br>☐ 871 IRS–Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>Habeas Corpus<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Other | | |

**VI. ORIGIN** (PLACE AND X IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F R.C.P. 23

**DEMAND** $ greater than $75,000

Check YES only if demanded in complaint
**JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASES(S) IF ANY** (See instructions)
JUDGE N/A
DOCKET NUMBER N/A

DATE 5/14/05
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE. In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8 (a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**V. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

**VII. Requested in Complaint.** Class Action Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

(rev. 07/89)